UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACE DONALDSON<br>　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:23-CV-04591 |
| LOWE'S HOME CENTERS, LLC<br>　　Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Horace Donaldson, Plaintiff, complaining of Lowe's Home Centers, LLC; Eastfield Realty, Inc.; Eastfield Realty 1, Inc.; Eastfield Realty 2, Inc.; and Coventry Development Corporation, Defendants, and for cause of action would respectfully show the Court and jury the following:

**I.**

1.1　This Petition was filed (prior to Removal) under Level 2 of Rule 190.3, as the damages are less than $1,000,000.00 but that is moot (as the matter was removed).

**II.**

2.1　Plaintiff is a resident citizen of Houston, Harris County, Texas.

2.2　Defendant, Lowe's Home Centers, LLC, has appeared and answered.

2.3　Defendant, Eastfield Realty, Inc., is a domestic Texas corporation doing business in the State of Texas for the purpose of monetary profit and may be served with citation by serving its registered agent for service, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

2.4     Defendant, Eastfield Realty 1, Inc., is a foreign corporation doing business in the State of Texas for the purpose of monetary profit and may be served with citation by serving its registered agent for service, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

2.5     Defendant, Eastfield Realty 2, Inc., is a foreign corporation doing business in the State of Texas for the purpose of monetary profit and may be served with citation by serving its registered agent for service, C.T. Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

2.6     Defendant, Coventry Development Corporation, is a Delaware corporation doing business in the State of Texas for the purpose of monetary profit and does not maintain a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas that, under the Texas Long-Arm Statute, it can be served with process by serving the Texas Secretary of State for forwarding to its President, Robert Asselbergs, 70 E. 55th St., 11th Floor, New York, NY 10022.

### III.

3.1     Venue is proper in Harris County, Texas, pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Harris County, Texas, Plaintiff resides in Harris County, Texas, and Defendants do business in Harris County, Texas.

3.2     The Court has jurisdiction over this controversy because Plaintiff seeks damages within the jurisdictional limits of this Court.

### IV.

4.1     On or about April 28, 2022, while on Defendant's premises located at 19225 Gulf Freeway, Webster, Texas, Plaintiff, Horace Donaldson, suffered serious and permanent bodily injuries as a direct result of an occurrence caused by a dangerous condition on Defendants' premises

that Defendants and/or their respective agents, servants, and employees created and/or knew of or in the exercise of ordinary cause, should have known existed. Specifically, the fall arose due to broken concrete in the truck delivery area. Produced photographs of the fall scene illustrate that the fallen scene was an area with broken concrete area that arose from a previous concrete patch repair job. Plaintiff alleges that the parking lot concrete is reinforced (high-strength) concrete but the repair patch was simple "sack concrete" that would (and did) crumble. "Sack concrete" is for household repairs (as it lacks a high psi). The concrete crumbled and created and unstable and uneven surface condition (cracks in the parking lot that was approximately 14" inches long and 2-3" deep) that caused Plaintiff to sustain injuries which required surgical intervention. The injuries of Plaintiff were attributable to a dangerous condition on the property as well as arising from the negligent acts and omissions of Defendants' employees, agents and representatives. Defendants' and their employees negligently allowed the creation and continued existence of this condition, so as to make Defendants' premises a dangerous place. Further, Defendants, by act and/or omission, failed to warn Plaintiff of the condition on the premises, despite the fact Defendants and their respective agents, servants and employees knew or in the exercise of ordinary care, should have known of the existence of the condition and the likelihood that this condition would cause serious injury to invitees, to whom Defendants owed a non-delegable duty of care.

   4.2 Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of this incident, and the injuries sustained by Plaintiff. The monetary relief is less than $1,000,000.00.

**V.**

5.1    As a direct and proximate cause of Defendants' negligence, Plaintiff, Horace Donaldson, has suffered serious, disabling and disfiguring injuries. Said elements of damage, which Plaintiff seeks to recover from Defendants, includes compensation for the following:

   a.   physical pain and disability suffered by Plaintiff from the day of the injury to the time of trial;

   b.   future physical pain and mental anguish reasonably anticipated to be suffered by Plaintiff in the future;

   c.   mental anguish, embarrassment and suffering sustained by Plaintiff from the day of the injury to the time of trial;

   d.   mental anguish, embarrassment and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

   e.   loss of earnings sustained by Plaintiff from the date of injury to the time of trial;

   f.   loss of earnings and earning capacity suffered by Plaintiff beyond the date of trial;

   g.   reasonable and necessary medical expenses incurred by Plaintiff in the treatment of her injuries from the day of the injury to the time of trial;

   h.   reasonable and necessary medical expenses reasonably anticipated to be suffered by Plaintiff in the future for treatment of her injuries;

   i.   physical impairment and disfigurement sustained by Plaintiff from the date of injury to the time of trial; and

   j.   future physical impairment and disfigurement reasonably anticipated to be sustained by Plaintiff in the future.

5.2    Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

**VI.**

7.1    The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) and

21a: adam.criaco@criacolaw.com. This is the undersigned's **only** e-service email address and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from Defendant a sum in excess of the minimum jurisdictional limits of the court, actual damages, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

    Respectfully submitted,

    CRIACO & SAMPERI

    By:   */s/ Adam P. Criaco*
        Adam P. Criaco
        SBOT 05075770
        363 N. Sam Houston Pkwy. E., Suite 800
        Houston, TX 77060
        Telephone: (713) 663-6600
        Facsimile: (713) 663-7923
        Eserve: Adam.Criaco@criacolaw.com

    ATTORNEY FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I certify that on March 7, 2024, a true and correct copy of the foregoing was sent to the following counsel of record for Defendant:

> Brice P. Phillips
> brice.phillips@steptoe-johnson.com
> John Meadows
> john.meadows@steptoe-johnson.com
> Steptoe & Johnson PLLC
> 1780 Hughes Landing Blvd., Suite 750
> The Woodlands, TX 77380
> (281) 203-5700
> (281) 203-5701 - fax

                                                 */s/ Adam P. Criaco*
                                                 Adam P. Criaco